In our opinion, we observed that "the firm did not advance any funds to the Coutees; therefore, the statutory privilege does not apply." By necessity we there referred only to funds discussed in the stipulations in the record. Those stipulations involved the loan made to the Coutees by the bank, and the funds paid through the firm by the Coutees to the bank as repayment of that loan. We express no opinion regarding other funds that the firm may have advanced to the Coutees, nor the firm's status regarding any such advances.

Roger Leroy DEGARMO,
Petitioner–Appellee,

v.

James A. COLLINS, Director, Texas Department of Criminal Justice, Institutional Division, Respondent–Appellant.

No. 92–2725.

United States Court of Appeals,
Fifth Circuit.

Feb. 8, 1993.

---

**6.** Additionally, there is no authority indicating that the firm's alleged secured status somehow

transfers to the bank.

William C. Zapalac, Dan Morales, Atty. Gen., Austin, TX, for respondent-appellant.

Greg Gladden, Houston, TX, for petitioner-appellee.

Before HIGGINBOTHAM, SMITH, and DeMOSS, Circuit Judges.

PER CURIAM:

The State of Texas entered into a stipulation with petitioner. The stipulation was reduced to writing and filed with the district court. In the stipulation, the state and petitioner agreed that should the federal district court grant relief the state would not appeal. The district court granted relief, and the state has appealed.

We have considered the written briefs in this case and heard oral argument. We are persuaded that the stipulation must be enforced by its terms. This appeal is dismissed and the case is remanded to the district court to allow it to enforce the grant of habeas relief.

The state will within ten days of this order by letter brief offer any reasons it may have why sanctions ought not be imposed in this appeal. Petitioner will reply ten days thereafter. We reserve decision whether any sanctions ought to be imposed and if so the form they should take.

This case aside we pause to report that we are aware of the difficulties for counsel in death cases both for the state and habeas petitioners. Many of these difficulties are visited upon the court as well. The law is complex and there is often little time. In this environment, we are careful to read our rules in ways that will not chill vigorous advocacy. It does not follow, however, that anything goes. We will not tolerate abuse or sharp practice by counsel—for the state or the petitioner. Counsel proceeding in vigorous good faith representation need not fear sanctions. Others can expect it.

We offer no opinion regarding the wisdom of the stipulation. The failure to abide its terms, however, only worked to further delay and cannot be abided. The petitioner, his family, and the family of the victim all must be perplexed at the functioning of the legal system in this case. It is a dismal record.

Appeal DISMISSED.